**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brittany Rodella,<br>Plaintiff,<br>v.<br>SIRVA Incorporated,<br>Defendant. | No. CV-26-08071-PCT-DWL<br>**ORDER** |

In this action brought under the Carmack Amendment, 49 U.S.C. § 14706, pro se Plaintiff alleges that Defendant SIRVA Incorporated ("SIRVA") "is a company engaged in interstate transportation and moving services of household goods," that Plaintiff "contracted with [SIRVA] for moving and packing services" to facilitate her move from Madison, Georgia to Page, Arizona, that SIRVA "failed to properly pack, handle, transport, and deliver Plaintiff's household goods," and that SIRVA's actions caused loss and damage exceeding $18,000. (Doc. 9.)

In its answer, SIRVA's response to the allegation that it "is a company engaged in interstate transportation and moving services of household goods" is to state that it "denies that it was the household goods mover for Plaintiff's shipment" and to assert that non-party Allied Van Lines, Inc. ("Allied") "was the interstate motor carrier for Plaintiff's shipment of household goods." (Doc. 31 ¶ 2.) SIRVA also denies that it contracted with Plaintiff "for moving and packing services." (*Id.* ¶ 3.) In the Rule 26(f) report, SIRVA reiterates that it is "an improper party." (Doc. 35 at 8.)

On August 17, 2026, the Court held a case management conference. (Doc. 38.) The Court stayed discovery, granted SIRVA leave to file a summary judgment motion limited to the narrow issue of whether it is a proper party as to Plaintiff's Carmack Amendment claim, and indicated that Plaintiff could file a Rule 56(d) motion seeking discovery needed to respond to the summary judgment motion. (*Id.*)

On September 1, 2026, SIRVA filed its motion for summary judgment, asserting that it was "not the motor carrier for [Plaintiff's] shipment." (Doc. 39 at 2.)

On September 16, 2026, Plaintiff filed a Rule 56(d) motion (Doc. 40), which is now fully briefed (Docs. 42, 43).

I. <u>Legal Standard</u>

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* A party seeking relief under Rule 56(d) "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Put another way, "[a] party seeking to delay summary judgment for further discovery . . . must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up). It follows that "[a] general or conclusory assertion that additional discovery is needed will not suffice. Rather, the party must identify what information it wants to obtain and the sources it intends to pursue to obtain it. Moreover, there must be some identifiable basis to believe that the intended discovery might yield the information sought. The party does not need to prove in advance that the facts exist. But the party must offer some basis other than a speculative hope that the intended sources might reveal helpful information." 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 56.50 (June 2026 update).

II. Analysis

In her Rule 56(d) motion, Plaintiff asserts that she has not had the chance to obtain "discovery concerning the factual premise on which [SIRVA's] motion depends: that [SIRVA] acted only as [Allied's] disclosed agent in adjusting the claim and had no independently relevant role in the transportation or services at issue." (Doc. 40 at 1.) Plaintiff then identifies eight specific categories of discovery she wishes to obtain. (*Id.* at 2-3.) Plaintiff also encloses a declaration. (*Id.* at 6-7.)

As SIRVA correctly notes in its response, "[t]he eight topics for discovery proposed by Plaintiff all relate to claims handling." (Doc. 42 at 8.) In contrast, there is no request for information designed to reveal whether SIRVA contracted with Plaintiff for moving and packing services and/or actually provided those services, i.e., acted as a carrier or held itself out as a carrier. SIRVA is thus correct that "[n]one of the proposed areas of discovery are relevant to Plaintiff's claims under the Carmack Amendment." (*Id.* at 9.) Indeed, administration of Plaintiff's claims is something that necessarily took place after the only set of actions that could establish liability under the Carmack Amendment. *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964) ("[U]nder federal law, in an action to recover from a carrier for damages to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages."). *See generally OneBeacon Ins. Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1096-97 (9th Cir. 2011) ("The purpose of the Carmack Amendment was to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods. The Amendment accomplishes this purpose by imposing liability on the receiving, delivering, and any intermediate carriers regardless of which carrier is at fault.") (cleaned up); *Olympian Worldwide Moving & Storage Inc. v. Showalter*, 2013 WL 3875299, *4 (D. Ariz. 2013) ("Under the Carmack Amendment, an agent of a motor carrier has no independent liability."); *AIOI Ins. Co. v. Timely Integrated, Inc.*, 2009 WL 2474072, *2 (S.D.N.Y. 2009) (noting that "the Carmack amendment imposes liability on 'carriers' but not on

'brokers'"); *Taylor v. Allied Van Lines*, 2008 WL 5225809, *4 (D. Ariz. 2008) ("the subject of the Carmack Amendment is carrier liability").[1]

Nothing in Plaintiff's reply brief compels a different conclusion. The reply brief echoes the motion in suggesting that the factual issue in dispute is whether SIRVA was actually the motor carrier: "[SIRVA] asserts that [SIRVA] acted only as Allied's agent in adjusting the claim and that Allied, rather than [SIRVA], was the motor carrier. . . . Discovery has been stayed. Plaintiff therefore has had no meaningful opportunity to obtain the agreements and records that define the relationship and authority SIRVA has placed at issue." (Doc. 43 at 1.) But it is unclear whether Plaintiff believes SIRVA was actually the motor carrier, such that it could be liable under the Carmack Amendment: "Plaintiff does not contend that selecting an evaluator, participating in valuation, or acting during the claims process automatically makes an entity a motor carrier. Rather, those events provide a concrete basis to believe that records exist showing which entity acted, under whose authority it acted, what authority [SIRVA] possessed, and how responsibilities were allocated between [SIRVA] and Allied." (*Id.* at 2.) Additionally, during the case management conference, when the Court asked Plaintiff, "Is it your understanding that SIRVA wasn't responsible for moving the property but SIRVA was responsible for the claims administration afterward, after you raised concerns about what happened?", Plaintiff responded, "Yes, Your Honor."

At any rate, to the extent Plaintiff's reply brief hints at an alter ego theory involving SIRVA and Allied, no such theory is alleged in the first amended complaint ("FAC"). And Plaintiff's requests to delve into a potential agency relationship characterize SIRVA as Allied's agent, not the other way around. (*Id.* at 3.) The bottom line is that because the discovery Plaintiff seeks would not be useful in opposing SIRVA's pending summary

[1] SIRVA's response, which is incorrectly captioned "Motion for Summary Judgment" and includes outdated references to Rule 56(f), also argues, at length, that any other claims Plaintiff might try to assert against it would be preempted by the Carmack Amendment. (Doc. 42 at 3-8.) This analysis is neither here nor there, as Plaintiff's reply brief clarifies that she is not "attempting to assert an independent cause of action for improper claims handling," that "the Carmack Amendment governs" her only claim, and that she does not seek "to add a state-law . . . or other separate claim based on the handling of the loss-and-damage claim." (Doc. 43 at 1.)

judgment motion, Plaintiff is not entitled to relief under Rule 56(d). Gensler, *supra*, § 56.50 ("[T]he party seeking more time to conduct discovery must demonstrate that the new discovery could succeed in defeating the summary-judgment motion. Relief will be denied if the discovery in question would not alter the outcome of the summary-judgment motion.").

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Rule 56(d) motion (Doc. 40) is **denied**.

2. Plaintiff's response to SIRVA's summary judgment motion (Doc. 39) is due within 30 days of the issuance of this order, and any reply by SIRVA is due within 15 days of service of Plaintiff's response. *See* LRCiv 56.1(d).

Dated this 6th day of November, 2026.

Dominic W. Lanza
United States District Judge